## GENERAL FINANCE CORPORATION OF FLORIDA v. CARVAJAL.

No. 116924.

Small Claims Court, Dade County.

April 9, 1964.

Patton & Kanner, William J. Morrow, of counsel, all of Miami, for plaintiff.

Carl A. Spatz, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the plaintiff in the sum of $370.97, plus $15 court costs. Under the law and the evidence defendant is liable in the amount stated.

The facts in this case are not in dispute. The defendant purchased a new 1962 Rambler automobile from Crane Brothers Motors, Inc. of Miami, and as part of the purchase price executed a conditional sales contract which was assigned to plaintiff (plain-

tiff's exhibit #1). The cash price charged for the automobile was $2,842.37. Defendant made a cash down payment of $200 and traded in a 1959 automobile for which he received a credit of $385. After receiving credit for the cash paid and trade-in defendant owed an unpaid cash balance of $2,257.37. To this amount (unpaid cash balance) plaintiff added insurance ($85.11) and documentary stamps ($2.70) and the amount financed by contract was $2,345.18. A finance charge was added in the amount of $491.62 and the total amount of the "time balance" was $2,836.80. The contract provided for 36 installment payments in the sum of $78.86 each.

Pursuant to the aforementioned contract defendant made 17 payments and then defaulted. Thereafter, plaintiff repossessed the automobile under the terms of the contract and pursuant to the applicable provisions of the Motor Vehicle Finance Act (F. S. 520.01-F. S. 520.13). Plaintiff complied with all the pertinent provisions of the Act. Plaintiff claims the proceeds of the public sale ($950) were insufficient to satisfy the net balance under the contract of $1,311.79. Plaintiff contends it is entitled to a judgment for the deficiency in the amount of $370.97, which includes the cost of advertising the public sale.

The sole question presented involves the method of computation of the finance charge authorized under the above cited statute. Defendant contends that the Act in question requires that the finance charge be computed on the basis of descending balances, and thus the aforementioned conditional sales contract exceeds the maximum permitted under §520.08(1), Class 1.

Plaintiff contends that the finance charge should be on the "principal balance" as the same was determined at the time of execution of the contract and that such finance charge should be added to the principal balance in arriving at the "time balance" under the contract.

The answer to the question may be found in the interpretation of the language of the Act. Research reveals no Florida authorities nor has the court been referred to any controlling Florida decision construing the pertinent provisions of the Act.

Section 520.08(1) provides in part —

*Finance charge limitation.*—

(1) Notwithstanding the provisions of any other law, the finance charge, exclusive of insurance, and other benefits and official fees, shall not exceed the following rates:

Class 1. Any new motor vehicle designated by the manufacturer by a year model not earlier than the year in which the sale is made—$8 per $100 per year.

Section 520.08 (2) provides —

> (2) Such finance charge shall be computed on the principal balance as determined under §520.07(2) on contracts payable in successive monthly payments substantially equal in amount. Such finance charge may be computed on the basis of a full month for any fractional month period in excess of ten days. A minimum finance charge of twenty-five dollars may be charged on any retail installment transaction.

Section 520.07 (2) provides in part —

> (2) The contract shall contain the following:
> (a) The cash sale price of the motor vehicle;
> (b) The amount of the buyer's down payment, and whether made in money or goods, or partly in money and partly in goods;
> (c) The difference between paragraphs (a) and (b);
> (d) The amount, if any, included for insurance and other benefits specifying the types of coverage and benefits;
> (e) The amount of license, taxes and official fees, if any;
> (f) The principal balance, which is the sum of paragraphs (c), (d) and (e) of subsection (2);
> (g) The amount of the finance charge;
> (h) The time balance, which is the sum of paragraphs (f) and (g), payable in installments by the buyer to the seller, the number of installments, the amount of each installment and the due date or period thereof.

An examination of §520.08(1) alone might lead the reader to conclude, at least by implication, that the authorized finance charge should be computed on descending balances where a conditional sales contract, or any portion thereof, is for a period of less than one year.

However, when the aforesaid section is read together with §520.08(2) and §520.07(2) the amount of the finance charge permitted under the law is determined on the "principal balance" arrived at upon the inception or execution of the contract.

The court has been referred to the case of Van Asperen v. Darling Olds, Inc. (Minn. 1958), 93 N.W. 2d 690, which contains a comprehensive interpretation of similar provisions of the Motor Vehicle Retail Installment Sales Act of Minnesota.

The court has studied that case and the relevant provisions of the Minnesota Motor Vehicle Retail Installment Sales Act and finds that the difference between the wording of the provisions of that Act and the Florida Act is of no consequence and the court is persuaded that the conclusion reached by the Minnesota Supreme Court is sound. The Minnesota Court said at page 698 —

> "We are bound to conclude that the method of computation advanced by . . . [purchaser] as applicable to the contract in question is inconsistent with, and contradictory to

the legislative intent . . . and that the proper method of computing the maximum price differential [denominated "finance charge" in the Florida Act] . . ., is according to the proportion . . . between the period of the contract under computation and 1 year."

The evidence before the court clearly shows that the finance charge herein was in compliance with the statutory requirement under Class 1, §520.08(1). Based upon the foregoing statutory construction and applicable principles, the evidence shows that plaintiff exacted a finance charge which was in fact less than the amount authorized by the statute.